IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DOROTHY GUY, et al.,

        Plaintiffs,

v.                                        CIVIL ACTION NO. 2:21-cv-00381

MONTANA SKY, LLC, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the motion for summary judgment filed by Defendants Montana Sky, LLC, and Rock Wilson. [ECF No. 23]. For the reasons explained below, the motion is **DENIED**.

I. Background

Plaintiffs Dorothy Guy and her daughter Cristal Miller brought this lawsuit after Defendants allegedly deprived them of title to their real property through a tax sale without giving Plaintiffs notice of their right to redeem. The subject property is a 39-acre residential parcel located in Griffithsville, Lincoln County, West Virginia. In 2004, Ms. Guy deeded Ms. Miller—whose name at the time was Cristal Graham—a remainder interest in the property, reserving a life estate interest for herself. *See* [ECF No. 26-1, at 1]. Ms. Guy has a homestead exemption on the property, which she

believed alleviated her from paying any taxes on it.[1] [ECF No. 1, at 6]. However, in 2017, the Lincoln County Sheriff assessed $7.24 in taxes on the property. Plaintiffs allege they never received notice of the assessment, so the taxes went unpaid and became delinquent. *Id.*

Accordingly, on October 26, 2018, the Lincoln County Sheriff sold a tax lien on the property to Defendant Montana Sky, LLC, for $300. *Id.* Plaintiffs allege that Rock Wilson is the incorporator and principal of Montana Sky, and it is undisputed that he performed certain functions attendant to the tax lien purchase and subsequent deed transfer. *Id.* at 2; [ECF No. 11, at 2]. On October 15, 2019, Mr. Wilson, as manager of Mountain State Land Title Company, PLLC, conducted a title examination and issued a report to the Deputy Commissioner of Delinquent and Nonentered Lands of Lincoln County, West Virginia, G. Russell Rollyson, Jr. [ECF No. 11, at 3]. The report identified Ms. Guy and Ms. Miller as being entitled to be served with notice of the right to redeem and provided addresses to which to send the notice. [ECF Nos. 1, at 6; 8, at 4]. However, Mr. Wilson erroneously identified Ms. Guy and Ms. Miller as joint tenants with the right of survivorship. [ECF No. 1, at 6]. Additionally, neither Ms. Guy nor Ms. Miller resided at either of the addresses Mr. Wilson provided, and they allege that notice was not mailed in Ms. Guy's name or to the current address of the property at issue. *Id.* at 7. Consequently, although Mr. Rollyson mailed out the notices of right to redeem, neither Ms. Guy nor Ms. Miller

---

[1] West Virginia law provides for a $20,000 exemption against the total assessed value of a homestead—that is, a single-family residential house—when it is owned and occupied as a residence by an eligible person who is at least sixty-five years old or totally and permanently disabled. *See* W. Va. Code §§ 11-6B-2, -3.

ever received them, and they were all returned marked "return to sender." *Id.*; [ECF No. 8, at 4].

On February 7, 2020, Mr. Rollyson informed Montana Sky that the notices went unclaimed and directed it to pay for personal service of the notices. [ECF No. 1, at 7]. Thereafter, Mr. Rollyson hired a process server, DocuServe, to deliver Ms. Guy and Ms. Miller their notice of the right to redeem, which gave them until April 20, 2020, to redeem. *Id.* at 7–8. However, he provided DocuServe with the same information that previously resulted in the notices being undelivered and marked "return to sender." *Id.* at 8. As a result, notice was posted at two addresses where neither individual entitled to receive notice of the right to redeem resided, and notice was not posted at the address of the property at issue. *Id.*

Subsequently, Mr. Wilson presented Mr. Rollyson with the undelivered notices and DocuServe's affidavits of service, seeking title of the property. *Id.* at 9. On April 1, 2020,[2] Mr. Rollyson signed a tax deed granting title to Montana Sky, which was recorded by the Lincoln County Clerk on July 7, 2020. *Id.*; [ECF No. 26-3]. Plaintiffs claim that they only learned of the preceding events when agents of Montana Sky arrived on the property at issue in late July 2020 and informed Ms. Guy that they had purchased it. [ECF No. 1, at 10]. Plaintiffs then retained counsel and wrote to Montana Sky and Mr. Wilson asserting that the "tax deed is legally invalid because neither Ms. Guy nor Ms. Miller received adequate notice of their right to redeem the property." [ECF No. 26-4, at 1]. Plaintiffs offered to resolve their potential claims by

---

[2] Plaintiffs note that on April 1, 2020, West Virginia Governor Jim Justice, through Executive Order No. 19-20, extended the time to redeem to April 15, 2020. [ECF No. 26-2].

reimbursing Montana Sky of its expenses incurred in acquiring the tax deed, in exchange for Montana Sky signing a quitclaim deed that acknowledged the invalidity of the tax deed and restored record title to Plaintiffs. [ECF Nos. 26-4, 26-5].

Receiving no response from Montana Sky or Rock Wilson, on July 2, 2021, Plaintiffs filed a class action complaint pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) against Montana Sky, Mr. Wilson, and Mr. Rollyson, claiming violations of 42 U.S.C. § 1983 for deprivation of property without due process of law (Count I) and violations of West Virginia Code §§ 11A-3-54, -55 (Count II). *See* [ECF No. 1]. Ms. Guy and Ms. Miller, the named Plaintiffs, also brought individual claims for violation of 42 U.S.C. § 1983 (Count III), slander to title (Count IV), and violation of West Virginia Code §§ 11A-3-54, -55 (Count V). *Id.* Plaintiffs claim that all Defendants worked in concert, "invoking state power to deprive the Plaintiffs of property without due process of law," by proceeding with real property tax sales in which the original property owners had not received legally required notice of their right to redeem. [ECF No. 1, at 1, 3].

Ms. Guy passed away on August 26, 2021, and counsel filed a notice of her death on the docket on November 15, 2021. [ECF No. 18]. On October 21, 2021, Montana Sky drafted a quitclaim deed conveying a life estate to the property to Ms. Guy, with a remainder interest to "Cristal Graham"—Ms. Miller's former name— because it was "inadvertently conveyed to the Grantor by G. Russell Rollyson Jr.," and "[u]pon further review, not all of the interested parties were served with a notice of the redemption and, as a result, the tax deed is void *ab initio*." [ECF No. 26-6]. The

4

deed was recorded by the Lincoln County Clerk on November 29, 2021. *Id.* Ms. Miller states that she did not learn about the quitclaim deed until late February 2022, when Defendants responded to her discovery requests. [ECF No. 26, at 3].

Ms. Miller alleges that after Montana Sky obtained title to the property in April 2020, it did not pay real estate taxes, and the Lincoln County Sherriff sold another tax lien for the property on October 23, 2020. *See* [ECF No. 26-7]. The tax lien purchaser issued a notice of the right to redeem, which Ms. Miller received in February 2022, that required her to pay $2,240.38 to redeem the property by March 31, 2022. *Id.* Ms. Miller states that she paid $2,240.38 to redeem the property. [ECF No. 26, at 5].

Defendants Montana Sky and Mr. Wilson moved for summary judgment. [ECF Nos. 23, 24]. Their sole argument in support of summary judgment is that because they executed a quitclaim deed conveying the property back to the Plaintiffs, Plaintiffs' damages attributable to them are extinguished, and thus, "Plaintiffs fail to state a claim upon which relief can be granted." [ECF No. 24, at 4]. In response, as to the alleged violations of Section 1983, Ms. Miller argues that if she prevailed on her claim, she would be entitled to compensatory and punitive damages, attorneys' fees, and declaratory relief. [ECF No. 26, at 5]. As to Count IV, she argues "[i]f Plaintiff demonstrates all the elements of the claim of Slander of Title, she would be entitled to compensatory, punitive damages and attorneys' fees incurred to remove the cloud on her title." *Id.* at 6. Finally, as to violation of West Virginia Code §§ 11A-3-54, -55, Plaintiff argues that if the claim is successful, she "would be entitled to an

5

order from the Court setting aside the April 1, 2020, tax deed" because "it is not clear whether Defendants' Quitclaim Deed is sufficient to remove the cloud on title." *Id.*

## II. Legal Standard

Summary judgment is appropriate where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a), (c)(1)(A). When ruling on a motion for summary judgment, the court reviews all the evidence "in the light most favorable" to the nonmoving party. *Providence Square Assocs., L.L.C. v. G.D.F., Inc.*, 211 F.3d 846, 850 (4th Cir. 2000). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. *Id.* at 248–52.

### III. Discussion

Defendants argue that they are entitled to judgment as a matter of law "because Plaintiffs' alleged damage has been extinguished," and "[i]n cases where a court finds that there are no actual damages, dismissal is appropriate." [ECF No. 24, at 3, 4]. They do not argue that Ms. Miller's claims are insufficient in any other respect. As such, I only examine whether the damages available to Ms. Miller under her claims have been extinguished by the execution of the quitclaim deed, such that the claims should be dismissed. *See* Fed R. Civ. P. 56(a) ("The court shall grant summary judgment *if the movant shows* that . . . the movant is entitled to judgment as a matter of law." (emphasis added)). When viewing the evidence in the light most favorable to Ms. Miller—the nonmoving party—at least one measure of damages remains available to her under each claim should she prevail. Thus, Mr. Wilson and Montana Sky's motion for summary judgment is **DENIED**.

#### A. Deprivation of Property Without Due Process of Law in Violation of 42 U.S.C. § 1983

Ms. Miller claims that Mr. Wilson and Montana Sky violated 42 U.S.C. § 1983 by depriving her of real property without due process of law, and she argues that the quitclaim deed executed by Defendants did not extinguish her claim. I agree. The Supreme Court of the United States has held that the denial of procedural due process is "actionable for nominal damages *without proof of actual injury*." *Carey v. Piphus*, 435 U.S. 247, 266 (1978) (emphasis added). "It is enough to invoke the procedural safeguards of the Fourteenth Amendment that a significant property interest is at stake, whatever the ultimate outcome of a hearing . . . ." *Id.* (quoting

*Fuentes v. Shevin*, 407 U.S. 67, 87 (1972)). If Ms. Miller's federal rights were violated as she claims, she is entitled to a recognition of that violation, even if she suffered no actual injury. Moreover, Ms. Miller has shown that Defendants were the record titleholders of her property from April 2020 until October 2021 and that she paid $2,240.38 to redeem the property, which could be compensable through her Section 1983 action. *See id.* at 263–64. Thus, Defendants' execution of the quitclaim deed transferring the property back to Ms. Miller does not defeat her Section 1983 claim.

### B. Slander of Title

Ms. Miller pleads a claim for slander of title against Mr. Wilson and Montana Sky. In West Virginia, the elements of a slander of title claim are: (1) publication of (2) a false statement (3) derogatory to Plaintiff's title (4) with malice (5) causing special damages (6) as a result of diminished value in the eyes of third parties. *See TXO Prod. Corp. v. All. Res. Corp.*, 419 S.E.2d 870, 879 (W. Va. 1992), *aff'd*, 509 U.S. 443 (1993), *modified on other grounds by State v. McGinnis*, 455 S.E.2d 516 (W. Va. 1994) *and Alkire v. First Nat'l Bank of Parsons*, 475 S.E.2d 122 (W. Va. 1996). Attorneys' fees are not ordinarily considered damages, but the Supreme Court of Appeals of West Virginia has held that "attorneys' fees incurred in removing spurious clouds from a title qualify as special damages in an action for slander of title." *Id.* at 881. Moreover, the Supreme Court of the United States has acknowledged that punitive damages are available in slander of title cases. *TXO Prod. Corp. v. All. Res. Corp.*, 509 U.S. 443, 462 (1993).

Thus, the execution of a quitclaim deed is not dispositive to Ms. Miller's slander of title claim because her attorneys' fees for litigating the instant action would satisfy the special damages element and she may recover punitive damages.

### C. Violation of West Virginia Code §§ 11A-3-54, -55

West Virginia law requires tax lien purchasers, through the deputy commissioner, to notify individuals of their right to redeem property before title is transferred. *See* W. Va. Code §§ 11A-3-54, -55.[3] The law provides that a person may "institute a civil action to set aside the deed" if they were entitled to receive notice of their right to redeem but were not properly served with notice through the requisite statutory process. W. Va. Code § 11A-4-4(a). As such, Ms. Miller argues that the relief she is entitled to if she prevails on this claim is "an order from the Court setting aside the April 1, 2020, tax deed." [ECF No. 26, at 6]. I agree.

As the statute lays out, the relief that courts generally provide in cases brought pursuant to section 11A-4-4(a) is a final order which declares that a tax deed be set aside as null and void. *See, e.g.*, *Mike Ross, Inc. v. Bergdorf*, No. 16-1046, 2017 WL 4712793, at *3 (W. Va. Oct. 20, 2017).[4] Here, an order from the court declaring the tax deed null and void is different from any relief provided by Defendants' quitclaim deed because, as noted by Ms. Miller, "[i]t is unclear whether the Quitclaim Deed, which purports to convey a life interest to a deceased person, does not use Ms. Miller's

---

[3] The court notes that on June 10, 2022, Senate Bill 552 of the West Virginia Legislature took effect, which repealed, amended, and reenacted much of the law relating to the tax sale process. *See* S.B. 552, 2022 Reg. Sess. (W. Va. 2022). However, because the sale at issue took place in 2018, the court applies the law that was in force at that time.

[4] In addition to setting aside the tax deed, the trial court in *Bergdorf* also properly set aside and declared null and void "two related corrective deeds." *Id.*

9

current name, and which does not warrant title, would be sufficient to clear the cloud on title . . . ." [ECF No. 26, at 5]. Especially when considering these deficiencies, the quitclaim deed is not a substitute for a court order setting aside the tax deed, which is the relief called for by statute should Ms. Miller prevail on her claim. Defendants' motion is accordingly denied.

### IV. Conclusion

Because Ms. Miller could be entitled to additional measures of damages under her claims as pleaded, Defendants are not entitled to judgment as a matter of law on that basis, and their motion [ECF No. 23] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 22, 2022

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE